**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARLOW HENRY, on behalf of the BSC Ventures Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | |
| Plaintiff, | C.A. No. 19-1925-JLH |
| v. | |
| WILMINGTON TRUST, N.A., BRIAN C. SASS, and E. STOCKTON CROFT IV, | |
| Defendants. | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF HIS**
**MOTION FOR CLASS CERTIFICATION**

Dated: December 23, 2024

Of Counsel:
Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick O. Muench (*pro hac vice*)
Bailey & Glasser, LLP
1055 Thomas Jefferson St., NW, Ste. 540
Washington, DC 20007
Telephone: (202) 463-2101
gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

Daniel Feinberg (*pro hac vice*)
Todd Jackson (*pro hac vice*)
Mary Bortscheller (*pro hac vice*)
Feinberg, Jackson, Worthman & Wasow LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998
dan@feinbergjackson.com
todd@feinbergjackson.com
mary@feinbergjackson.com

David A. Felice (#4090)
Bailey & Glasser, LLP
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, DE 19808
Telephone: (302) 504-6333
dfelice@baileyglasser.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................. 1

II.    SUMMARY OF FACTS AND CLAIMS ............................................................ 2

III.   ARGUMENT ...................................................................................................... 4

       A.    General Legal Standards ........................................................................... 4

             1.    Class actions under Fed. R. Civ. P. 23 ............................................ 4

             2.    ERISA fiduciary claims are well-suited for class treatment ......... 4

       B.    The Class Satisfies Rule 23(a)'s Requirements ....................................... 5

             1.    The class is so numerous that joinder of all members is impracticable. ...... 6

             2.    The commonality requirement of Rule 23(a) is satisfied. ............. 6

             3.    The typicality requirement is satisfied. .......................................... 8

             4.    Plaintiff is an adequate class representative. ................................ 11

       C.    The Class May Be Maintained Under Rule 23(b). ................................. 12

             1.    The class meets the requirements of Rule 23(b)(1)(B). ............... 13

             2.    The class meets the requirements of Rule 23(b)(1)(A). ............... 15

       D.    Plaintiff Is Represented By Qualified And Competent Counsel. ........... 16

IV.    CONCLUSION ................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbott v. Lockheed Martin Corp.*,
   725 F.3d 803 (7th Cir. 2013) ............................................................5, 12

*Alday v. Raytheon Co.*,
   619 F. Supp. 2d 726 (D. Ariz. 2008) ....................................................15

*Allen v. GreatBanc Trust Co.*,
   835 F.3d 670 (7th Cir. 2016) ...............................................................16

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997)........................................................................11, 15

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
   568 U.S. 455 (2013)................................................................................4

*Baby Neal for and by Kanter v. Casey*,
   43 F.3d 48 (3d Cir. 1994).......................................................................9

*Baker v. Comprehensive Emp. Sols.*,
   227 F.R.D. 354 (D. Utah 2005) ...........................................................15

*Blackwell v. Bankers Trust Co.. South Dakota*,
   No. 18-cv-141-KHJ-FKB (S.D. Miss.)..................................................16

*Boley v. Universal Health Servs., Inc.*,
   36 F.4th 124 (3d Cir. 2022) ...............................................................4, 5

*Brundle v. Wilmington Trust N.A.*,
   241 F. Supp. 3d 610 (E.D. Va. 2017) ...................................................16

*Buus v. WAMU Pension Plan*,
   251 F.R.D. 578 (W.D. Wash. 2008) .....................................................15

*Casey v. Reliance Trust Co.*,
   18-cv- 00424-ALM-CMC (E.D. Tex.) ...................................................16

*Chesemore v. Alliance Holdings, Inc.*,
   276 F.R.D. 506 (W.D. Wis. 2011)....................................................5, 15

*Choate v. Wilmington Trust, N.A.*,
   17-cv-250-RGA (D. Del.)......................................................................16

*In re Citigroup Pension Plan ERISA Litig.*,
   241 F.R.D. 172 (S.D.N.Y. 2006) ...............................................................15

*In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*,
   795 F.3d 380 (3d Cir. 2015)........................................................................6

*Cunningham v. Wawa, Inc.*,
   387 F. Supp. 3d 529 (E.D. Pa. 2019) .......................................5, 6, 7, 17

*Dewey v. Volkswagen Aktiengesellschaft*,
   681 F.3d 170 (3d Cir. 2012).......................................................................12

*Fernandez v. K-M Indus. Holding Co., Inc.*,
   646 F. Supp. 2d 1150 (N.D. Cal. 2009) ..................................................17

*Fink v. Wilmington Trust, N.A.*,
   No. 19-cv-1193-CFC (D. Del.) ..................................................................16

*Gamino v. KPC Healthcare Holdings, Inc.*,
   No. 5:20-CV-01126-SB-SHK (C.D. Cal. 2023) ......................................17

*Godfrey v. GreatBanc Trust Co.*,
   18-cv-7918 (N.D. Ill.) ................................................................................16

*Godfrey v. GreatBanc Trust Co.*,
   2021 WL 679068 (N.D. Ill. Feb. 21, 2021) ...............................................5

*Guidry v. Wilmington Trust, N.A.*,
   333 F.R.D. 324 (D. Del. 2019) ..................................................... *passim*

*Hurtado v. Rainbow Disposal Co.*,
   2019 WL 1771797 (C.D. Cal. Apr. 22, 2019) ...............................5, 8, 10

*In re Ikon Office Solutions, Inc.*,
   191 F.R.D. 457 (E.D. Pa. 2000)......................................................7, 13, 14

*Jessop v. Larsen*,
   No. 14-cv-00916 (D. Utah) .......................................................................16

*Kanawi v. Bechtel Corp.*,
   254 F.R.D. 102 (N.D. Cal. 2008)...............................................................12

*Kindle v. Dejana*,
   238 F. Supp. 3d 353 (E.D.N.Y. 2017) ......................................................17

*Kindle v. Dejana*,
   315 F.R.D. 7 (E.D.N.Y. 2016) .....................................................................7

iii

*Knight v. Lavine*,
    2013 WL 427880 (E.D. Va. Feb. 4, 2013) ............................................................15

*Larson v. AT&T Mobility LLC*,
    687 F.3d 109 (3d Cir. 2012) .............................................................................11

*Leber v. Citigroup 401(k) Plan Inv. Comm.*,
    2017 WL 5664850 (S.D.N.Y. Nov. 27, 2017) ....................................................14

*Marcus v. BMW of North America, LLC*,
    687 F.3d 583 (3d Cir. 2012) ........................................................................4, 5, 6

*Moon v. E.I. du Pont de Nemours & Co.*,
    2023 WL 1765565 (D. Del. Feb. 3, 2023) .........................................................15

*In re Nat'l Football League Players Concussion Injury Litig.*,
    821 F.3d 410 (3d Cir. 2016) ...............................................................................9

*Neil v. Zell*,
    275 F.R.D.256 (N.D. Ill. 2011) ................................................................. *passim*

*New Directions Treatment Servs. v. City of Reading*,
    490 F.3d 293 (3d Cir. 2007) .............................................................................11

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) ...............................................................................6

*Ninivaggi v. Univ. of Delaware*,
    2023 WL 2734343 (D. Del. Mar. 31, 2023) .........................................................6

*Nistra v. Reliance Trust Co.*,
    2018 WL 835341 (N.D. Ill. Feb. 13, 2018) ...........................................4, 5, 7, 14

*Nistra v. Reliance Trust Co.*,
    No. 16 C 4773 (N.D. Ill.) ..................................................................................17

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999) ..........................................................................................13

*Perez v. Bruister*,
    823 F.3d 250 (5th Cir. 2016) ......................................................................10, 12

*Pfeifer v. Wawa, Inc.*,
    2018 WL 2057466 (E.D. Pa. May 1, 2018) ...............................................9, 10, 14

*Pfeifer v. Wawa, Inc.*,
    214 F. Supp. 3d 366 (E.D. Pa. 2016) ................................................................17

iv

*In re Polaroid ERISA Litig.*,
 240 F.R.D. 65 (S.D.N.Y. 2006) ............................................................7

*Reyes v. Netdeposit, LLC*,
 802 F.3d 469 (3d Cir. 2015) ...............................................................4

*In re Schering Plough Corp. ERISA Litig.*,
 589 F.3d 585 (3d Cir. 2009)...............................................8, 9, 13, 15

*Sessions v. Owens-Illinois, Inc*.,
 267 F.R.D. 171 (M.D. Pa. 2010) .......................................................14

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
 559 U.S. 393 (2010) ............................................................................4

*Sheinberg v. Sorenson*,
 606 F.3d 130 (3d Cir. 2010) .............................................................16

*Smith v. GreatBanc Trust Co.*,
 1:20-cv-02350 (N.D. Ill. 2023) ..........................................................17

*Stanford v. Foamex L.P.*,
 263 F.R.D. 156 (E.D. Pa. 2009)......................................................9, 12

*Swain v. Wilmington Trust, N.A.*,
 No. 17-071-RGAMPT (D. Del.) .........................................................16

*Thomas v. SmithKline Beecham Corp.*,
 201 F.R.D. 386 (E.D. Pa. 2001) .......................................................14

*Threadford v. Horizon Trust and Investment Management, N.A.*,
 No. 20-cv-750 ....................................................................................16

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011)............................................................................6

*In re Warfarin Sodium Antitrust Litig.*,
 391 F.3d 516 (3d Cir. 2004)...............................................................8

*In re Williams Cos. ERISA Litig.*,
 231 F.R.D. 416 (N.D. Okla. 2005)......................................................15

*In re YRC Worldwide, Inc. ERISA Litig.*,
 2011 WL 1303367 (D. Kan. Apr. 6, 2011) ..........................................4

**Statutes**

29 U.S.C. § 1109.........................................................................10, 13

29 U.S.C. §1132 ................................................................................................ *passim*

29 U.S.C. § 1002 ............................................................................................................2

29 U.S.C. § 1106 ............................................................................................................3

29 U.S.C. § 1108 ..........................................................................................................11

**Federal Rules**

Rule 23(a) ......................................................................................................... *passim*

Rule 23(b) ......................................................................................................... *passim*

Rule 23(g) ..............................................................................................................16, 17

4929-9323-0089, v. 1

## I.    INTRODUCTION

Plaintiff Marlow Henry ("Plaintiff") moves for an order certifying this litigation as a class action pursuant to Fed. R. Civ. P. 23. The proposed Class is defined as: "All participants in the BSC Venture Holdings, Inc. Employee Stock Ownership Plan (the "Plan")[1] and the beneficiaries of such participants as of the date of the 2016 ESOP Transaction or anytime thereafter."[2] Plaintiff is a participant in the Plan. He sues on behalf of the Plan and its participants. He alleges that Wilmington Trust, N.A. ("Wilmington" or the "Trustee"), Brian C. Sass ("Sass") and E. Stockton Croft IV ("Croft" and together with Wilmington and Sass, "Defendants") caused the Plan to engage in and themselves engaged in transactions prohibited by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and that Wilmington breached its fiduciary obligations to the Plan.

Plaintiff's claims are tailor-made for class certification. Rule 23(a) is easily met as to all claims because the Class consists of at least 500 members; the questions of fact and law surrounding Defendants' conduct are the same for all Class members; Plaintiff's claims are typical of the Class, and Plaintiff and his counsel have and will adequately represent the Class. The Plan was established for the common benefit of all its participants and its assets are held in a common trust. All participants in the Plan hold the same investment—BSC common stock—in their individual Plan accounts. Defendants owed all participants the same duties under ERISA. As detailed in the Complaint (D.I. 1) and further described below, Defendants either breached their fiduciary

---

[1] BSC originally adopted the Plan effective January 1, 2015, as the BSC Ventures Holdings, Inc. Profit Sharing Plan. The Plan was subsequently amended and restated as the BSC Ventures Holdings, Inc. Employee Stock Ownership Plan effective October 1, 2015. Compl. ¶ 24.
[2] Excluded from the Class are the shareholders who sold the stock of BSC Ventures Holdings, Inc. ("BSC") to the Plan in January 2016, and their immediate families; the directors and officers of BSC and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

duties or otherwise violated ERISA as to all Class members or to none, and all Class members suffered the same injuries as a result. As these claims are brought on behalf of the Plan pursuant to ERISA, any recovery and relief belongs to the Plan, all participants in or beneficiaries of the Plan have the same rights under the Plan and are afforded relief pursuant to the same rights under ERISA's remedial provisions set forth in ERISA § 502.

The Class satisfies all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(1), and for the reasons stated below, this Court should appoint Bailey & Glasser LLP and Feinberg, Jackson, Worthman & Wasow LLP as Class counsel.

## II.    SUMMARY OF FACTS AND CLAIMS

Plaintiff is a Plan participant, as defined by ERISA, who vested in his benefits. Compl. ¶ 2; Defs. Answers (D.I. 55, 56) ¶ 2; ERISA § 3(7), 29 U.S.C. § 1002(7). The Plan is sponsored by BSC. Compl. ¶ 29; Answers ¶ 29.[3] BSC is a custom envelope manufacturer and web offset printer producing envelopes, bind-in order forms, mailers, and specialty packaging for the catalog, direct mail, and statement processing industries. Compl. ¶ 20; Answers ¶ 20.

BSC adopted the Plan effective January 1, 2015, as the BSC Ventures Holdings, Inc. Profit Sharing Plan. It was amended and restated as the BSC Ventures Holdings, Inc. Employee Stock Ownership Plan effective October 1, 2015. Compl. ¶ 24; Answers ¶ 24.[4] The Plan was to acquire BSC stock and provide retirement benefits to each participant equal to the value of stock and any other assets in the participant's individual accounts in the Plan. Plan Document, attached as Exhibit 2 to the Porter Decl. at §§ 1.1, 4. BSC appointed Wilmington as trustee of the Plan. Compl. ¶ 35; Answers ¶ 35.[5] As trustee, Wilmington had the duty to ensure that any transactions

---

[3] *See also* Form 5500 Annual Return/Report of Employee Benefit Plan at ¶ 2a (2023) ("2023 Form 5500"), Exhibit 3 to the Declaration of Gregory Y. Porter ("Porter Decl.").
[4] *See also* Plan Document, Exhibit 2 to Porter Decl.; 2023 Form 5500 at Part II, 1c.
[5] *See also* BSC Ventures Holdings, Inc. Employee Stock Ownership Trust Agreement ("Trust")

between the Plan and the selling shareholders—including loans to the Plan and acquisitions of stock by the Plan—were fair and reasonable, as well as the duty to ensure that the Plan paid no more than fair market value. Compl. ¶¶ 35-36.

On January 14, 2016, Wilmington caused the Plan to purchase 809,892 shares of BSC common stock for $50 million, from party in interest shareholders including Sass and Croft. Compl. ¶¶ 5, 17-18; Answers ¶¶ 5, 17-18.[6] Wilmington caused the Plan to enter into a loan agreement with BSC for $46,545,758 at an annual nominal interest rate of 2.65% that was to be repaid over a period of 30 years. Compl. ¶ 5; Answers ¶ 5.[7]

Plaintiff alleges that Wilmington caused the Plan to engage in transactions prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), by acquiring BSC stock from a party in interest, including directors and an officer, and by taking loans from a party in interest. Plaintiff alleges Wilmington engaged in transactions prohibited by ERISA § 406(b), 29 U.S.C. § 1106(b), by receiving fees from BSC and acting for the benefit of sellers (*i.e.* Sass and Croft) in the ESOP Transaction. Plaintiff also alleges Wilmington breached its fiduciary duties by failing to undertake an appropriate and independent investigation of the fair market value of BSC stock and thereby caused the Plan to overpay when it purchased BSC stock in the ESOP Transaction. Plaintiff also alleges Sass and Croft had knowledge of, and benefitted from, Wilmington's violations of ERISA. Plaintiff seeks to recover losses caused to the Plan by Defendants' violations of ERISA, including disgorgement of all fees earned by Wilmington in connection with serving as Plan trustee, and prejudgment interest, among other requests.

---

Amended and Restated Effective as of October 1, 2015 Exhibit 6 to Porter Decl.

[6] *See also* 2023 Form 5500 at Notes to Financial Statements Notes 4, 5.

[7] *See also* 2023 Form 5500 at Notes to Financial Statements Note 5.

## III.    ARGUMENT

### A.    General Legal Standards

#### 1.    Class actions under Fed. R. Civ. P. 23

A plaintiff seeking certification of a class must show that the proposed class meets the four requirements of Fed. R. Civ. P. 23(a)—numerosity, commonality, typicality, and adequacy—and one of the subsections of Fed. R. Civ. P. 23(b). *See Marcus v. BMW of North America, LLC*, 687 F.3d 583, 590 (3d Cir. 2012). A plaintiff does not bear a burden of "absolute proof" but, rather, "the preponderance of the evidence standard governs." *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 484-85 (3d Cir. 2015). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013) (citation omitted) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.").

"By its terms, [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Therefore, "Rule 23 unambiguously authorizes any plaintiff, in any federal civil proceeding, to maintain a class action if the Rule's prerequisites are met." *Id.* at 406. ERISA § 502(a)(2) actions on behalf of defined contribution plans, like this action, are certifiable under Rule 23. *See Boley v. Universal Health Servs., Inc.*, 36 F.4th 124, 136 (3d Cir. 2022).

#### 2.    ERISA fiduciary claims are well-suited for class treatment

Courts recognize that ERISA fiduciary claims are generally well-suited for class treatment. *See Nistra v. Reliance Trust Co.*, 2018 WL 835341 (N.D. Ill. Feb. 13, 2018); *In re YRC Worldwide, Inc. ERISA Litig.*, 2011 WL 1303367, at *9 (D. Kan. Apr. 6, 2011) ("[T]he vast majority of courts

4

faced with [ERISA claims against fiduciaries] conclude that [class] certification is appropriate"). That is because suits under ERISA § 502(a)(2) are derivative in nature and focus on the injury to the plan from the fiduciary's alleged violation, rather than on injury to the individual participants. *See Nistra*, 2018 WL 835341, at *3; *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 813-14 (7th Cir. 2013). Courts across the country thus regularly certify similar ESOP class actions alleging breaches of ERISA because such actions are "typical" and "paradigmatic" examples of cases appropriate for certification. *See, e.g., Guidry v. Wilmington Trust*, N.A., 333 F.R.D. 324 (D. Del. 2019) (certifying a class alleging breaches of fiduciary duty and prohibited transaction claims brought by ESOP participants); *Cunningham v. Wawa, Inc.*, 387 F. Supp. 3d 529 (E.D. Pa. 2019) (same); *Hurtado v. Rainbow Disposal Co.*, 2019 WL 1771797, at *11 (C.D. Cal. Apr. 22, 2019) (same)*; Douglin v. GreatBanc Trust Co*., Inc., 115 F. Supp. 3d 404, 412 (S.D.N.Y. 2015) (finding an ESOP class alleging ERISA fiduciary claims to present a "paradigmatic" example of a Rule 23(b)(1) class); *Godfrey v. GreatBanc Trust Co.*, 2021 WL 679068 (N.D. Ill. Feb. 21, 2021); *Chesemore v. Alliance Holdings, Inc.*, 276 F.R.D. 506 (W.D. Wis. 2011) (certification under 23(b)(1)(A) & (B), (b)(2)).

Indeed, the Third Circuit has held that ERISA "breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *Boley*, 36 F. 4th at 136 (quoting *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009)).

### B.      The Class Satisfies Rule 23(a)'s Requirements

Every class must satisfy the criteria of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a); *Marcus*, 687 F.3d at 590. As in numerous other ERISA class actions, those requirements are easily met here.

        **1.**       **The class is so numerous that joinder of all members is impracticable.**

Rule 23(a)(1) permits class treatment where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, this prong is met if the named plaintiff "demonstrates that the potential number of plaintiffs exceeds 40." *Ninivaggi v. Univ. of Delaware*, 2023 WL 2734343, at *3 (D. Del. Mar. 31, 2023) (citing *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001)). Here, the Class far exceeds 40 members, as there were 423 participants in the Plan as of December 31, 2017, and 534 participants in the Plan as of December 31, 2023. *See* Compl. ¶ 97; 2017 and 2022 Form 5500s (Exhibits 4 and 5 to the Porter Decl.) at Part II, 6(f). The numerosity requirement is satisfied. *See Cunningham*, 387 F. Supp. 3d at 539 (in ESOP case finding subclasses that included hundreds of participants satisfied numerosity requirement).

        **2.**       **The commonality requirement of Rule 23(a) is satisfied.**

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." "The bar is not high." *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 393 (3d Cir. 2015). It "does not require identical claims or facts among class member[s]." *Marcus*, 687 F. 3d at 592-93. "[A] single [common] question" will satisfy Rule 23(a)(2). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Commonality exists if the plaintiff's claims "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350. "[A]s long as all putative class members were subjected to the same harmful conduct by defendant, Rule 23(a) will endure many legal and factual differences among the putative class members." *In re Cmty. Bank*, 795 F.3d at 397.

Claims that a stock was improperly valued or sold at an incorrect price, such as those at issue here, satisfy the commonality requirement. *Newton v. Merrill Lynch, Pierce, Fenner & Smith,*

*Inc.*, 259 F.3d 154, 182–83 (3d Cir. 2001) (finding common questions of law and fact under Rule 23(a)(2) as to the sale of securities at the price offered on the central National Best Bid and Offer system without investigating other, potentially higher prices); *Kindle v. Dejana*, 315 F.R.D. 7, 11 (E.D.N.Y. 2016) (finding common issues where plaintiff alleged that defendants sold ESOP stock for less than fair market value); *In re Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 462–63 (E.D. Pa. 2000) (certifying claim that Ikon stock price had been artificially inflated).

Commonality requirements in ERISA cases are typically satisfied because a class of participants in the same benefit plan may assert identical legal claims arising from the same common nucleus of operative facts, without factual variations between class members. *See Cunningham*, 387 F. Supp. 3d at 539; *Guidry*, 333 F.R.D. at 329 (finding commonality because "[t]he class claims here all depend on the question of whether the ESOP paid an inflated price for" company stock); *see also Nistra*, 2018 WL 835341, at *2 (finding commonality in ERISA action against trustee arising from ESOP's purchase of private company stock); *Douglin*, 115 F. Supp. 3d at 410 (noting an ERISA breach of fiduciary duty that affects all participants and beneficiaries is a common issue of fact and law); *Neil*, 275 F.R.D. at 260-61(finding commonality satisfied where plaintiffs' claims stemmed from the ESOP's purchase of Tribune Company stock); *In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 74 (S.D.N.Y. 2006) (noting that in general, ERISA liability for breach of fiduciary duty is common to all class members).

This case is based on a single transaction involving a single security and involves multiple common questions of law and fact. Common questions include:

- Whether Wilmington was a fiduciary under ERISA for the Plan;

- Whether Wilmington's fiduciary duties under ERISA included serving as trustee for the Plan in the Plan's acquisition of BSC stock;

- Whether Sass and Croft were parties in interest under ERISA;

7

- Whether Wilmington breached its fiduciary duties and caused a prohibited transaction under ERISA by permitting the Plan to purchase BSC stock from the sellers;

- Whether Wilmington caused the Plan to engage in a prohibited transaction under ERISA by causing the Plan to take a loan from parties in interest;

- Whether Sass and Croft knew or should have known about the prohibited transaction or Wilmington's breaches of fiduciary duty;

- The amount of compensation, direct or indirect, received by the Trustee in connection with the ESOP Transaction;

- Whether any affirmative defenses apply to the ERISA claims asserted;

- The amount of losses suffered by the Plan and its participants as a result of Defendants' ERISA violations; and

- The amount of profits collected by Sass and Croft and their earnings thereon.

Proof on each of these issues will necessarily be proof for the entire Class because the proof goes to Wilmington's fiduciary obligations to the Plan and to prohibited transactions involving the Plan, not to individual class members. Put simply, commonality is evident because "Plaintiffs' claims do not focus on injuries caused to each individual [ESOP Participant], but rather on how the Defendants' conduct affected the pool of assets that make up the [ESOP]." *Hurtado*, 2019 WL 1771797, at *7 (citation omitted). The commonality requirement is met.

### 3.    The typicality requirement is satisfied.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "[T]ypicality, as with commonality, does not require that all putative class members share identical claims." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531–32 (3d Cir. 2004). The typicality requirement ensures that "class representatives are sufficiently similar to the rest of the class—in terms of their legal claims, factual circumstances, and stake in the litigation—so that certifying those individuals to represent the class will be fair to the rest of the proposed class." *In re Schering Plough*, 589 F.3d at 597. This analysis "focuses on

8

the similarity of the legal theory and legal claims; the similarity of the individual circumstances on which those theories and claims are based; and the extent to which the proposed representative may face significant unique or atypical defenses to her claims." *Id.* at 597–98. The Third Circuit has emphasized that this analysis sets a "'low threshold' for typicality." *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016).

The similarity between claims of the representative and those of the class "does not have to be perfect." *In re Schering Plough*, 589 F.3d at 598. "[T]he named plaintiffs' claims must merely be 'typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.'" *Id.* (quoting *Beck v. Maximus*, 457 F.3d 291, 295–96 (3d Cir. 2006)). "Even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." *Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d at 428 (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283, 311 (3d Cir. 1998)) (internal quotations omitted). "[C]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) (citation omitted).

In ERISA cases alleging breach of fiduciary duty, courts frequently find that ERISA claims meet the typicality requirement. *See Pfeifer v. Wawa, Inc.*, 2018 WL 2057466, at *4 (E.D. Pa. May 1, 2018) (finding typicality where "Class Representatives' stock was sold at the same price, after the same valuation process, and in the same circumstances as every other Class Member."); *Mehling*, 246 F.R.D. at 475 (improper investment into proprietary funds); *Stanford v. Foamex L.P.*, 263 F.R.D. 156, 167-68 (E.D. Pa. 2009) (certifying claims that defendants breached their fiduciary

9

duties by making unauthorized sales of stock). By definition, a fiduciary duty action brought pursuant to ERISA §§ 409(a) and 502(a)(2) is brought on behalf of the plan and any recovery must be paid "to such plan." 29 U.S.C. §§ 1109(a), 1132(a)(2). Courts generally find that ERISA cases arising under § 502(a)(2) meet the typicality requirement because the "action is brought on behalf of the Plan, not the individual participants, so that Plaintiff's claims, of necessity, are typical of the claims of the members of the proposed class." *Lively*, 2007 WL 685861, at *10.

Here, the Plaintiff was a participant in the Plan during the relevant time period. *See* Declaration of Marlow Henry ("Henry Decl.") ¶ 5. The Plan's primary asset was the BSC stock it purchased in the ESOP Transaction. In *Neil v. Zell*, an ERISA case arising from ESOP transactions, the court held that the named plaintiffs satisfied the typicality requirement because they "held the same investment as did all other members of the . . . ESOP"–employer stock. 275 F.R.D. at 261; *see also Guidry*, 333 F.R.D. at 330 (finding typicality because plaintiff's "claim, like those of other class members, is that the [ESOP] transactions illegally diminished the value of his retirement account"); *Pfeifer*, 2018 WL 2057466 at *4.

Plaintiff seeks to recover the Plan's losses and other relief on behalf of the Plan as a whole. All losses arising from Wilmington's faulty valuation and Defendants' prohibited transactions flow to Plan participants in proportion to the number of BSC shares allocated to their respective accounts. *See Perez v. Bruister*, 823 F.3d 250, 258 (5th Cir. 2016). Because of the harm common to all Plan participants from Plaintiff's well-pled allegations, Defendants cannot "distinguish Plaintiffs' circumstances from other ESOP Participants and beneficiaries." *Hurtado*, 2019 WL 1771797, at *8 (typicality established because allegations focus on the conduct of Defendants as to the ESOP as a whole and not on conduct specific to any particular Plaintiff). Moreover, the remedies pursued by Plaintiff for the Plan—including recovery of losses and other compensation

10

arising from the breaches—benefit the Plan and ultimately will benefit all Class members in a like manner. Thus, as the claims of all Class members stem from a single event and are based on the same legal or remedial theory on behalf of the Plan, Plaintiff's claims are not merely "typical," but identical.[8]

### 4.    Plaintiff is an adequate class representative.

Rule 23(a)(4) requires that plaintiffs "fairly and adequately protect the interests of the class," meaning that a plaintiff must have the same interests and suffer the same injury as the class. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625-26 (1997). The Third Circuit has recognized that this inquiry serves two purposes: "to determine [1] that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously, . . . and [2] that there is no conflict between the individual's claims and those asserted on behalf of the class." *Larson v. AT&T Mobility LLC*, 687 F.3d 109, 132 (3d Cir. 2012). These requirements are met here.

First, a class representative need only possess "a minimal degree of knowledge necessary to meet the adequacy standard." *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) (reversing denial of class certification) (internal quotations omitted). The proposed Class Representative has been actively engaged in the litigation including steadfastly participating as a plaintiff for five years while Defendants unsuccessfully appealed issues up to the Supreme Court; sitting for a 1.5 hour deposition; and providing documents to counsel used to draft the Complaint and respond to discovery requests propounded by Defendants. Henry Decl. ¶ 9.

---

[8] While Defendants have asserted a number of affirmative defenses, these defenses overwhelmingly implicate facts related to Defendants, the Plan or the Class as a whole. *See, e.g.*, Sass and Croft Affirmative Defenses (D.I. 55 at 31-33) asserting affirmative defenses of, *inter alia*, ERISA § 408 exemption; lack of intent; lack of knowledge; prudent process; contribution; lack of damages; see also Wilmington Affirmative Defenses (D.I. 56 at 25-26) asserting affirmative defenses of, inter alia, compliance with requirements of ERISA standards; payment at no more than fair market value, and § 408 exemption.

Plaintiff is committed to advancing the Class members' rights in this lawsuit, believes that he can fairly and adequately represent the interests of the members of the Class, and has no known interest that would be adverse to or in conflict with those of the other Class members. *See id*. ¶ 8.

Second, there are no conflicts between Plaintiff and the interests of the Class. With respect to any conflicts of interest, there are two questions to address: (1) whether an intra-class conflict exists, and if so, (2) whether the conflict is "fundamental." *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 184 (3d Cir. 2012) ("[N]ot all intra-class conflicts will defeat the adequacy requirement."). "A fundamental conflict exists where some [class] members claim to have been harmed by the same conduct that benefitted other members of the class." *Id*. (internal quotations omitted). Here, the named Plaintiff asserts claims on the Plan's behalf and requests no individual relief. All members of the Class have identical claims and have suffered the same injury. There is no claim that any member of the Class benefited from the ESOP Transaction. Any possible factual distinctions between Plaintiff and Class members are insignificant. This case is not unique in that respect. In an ERISA action such as this, the proposed class representative and the class members share the same interests because each class member is bringing suit on the plan's behalf to recover plan losses caused by the defendants' alleged breaches of the statute. *See Lively*, 2007 WL 685861, at *13; *see also Abbott*, 725 F.3d at 813-14; *Bruister*, 823 F.3d at 258.

Third, for the reasons discussed below in Section III.D, Plaintiff's counsel is more than adequate. The adequacy requirement of Rule 23(a)(4) is met.

C.    **The Class May Be Maintained Under Rule 23(b).**

In addition to Rule 23(a), a case must satisfy one of the three alternative requirements of Rule 23(b). This action meets the requirements of Rules 23(b)(1). "Most ERISA class actions are certified under Rule 23(b)(1)." *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111 (N.D. Cal. 2008). "[T]he unique and representative nature of an ERISA § 502(a)(2) suit" makes such claims

particularly appropriate. *Stanford*, 263 F.R.D. at 174; *see also DiFelice*, 235 F.R.D. at 80 ("given the derivative nature of suits brought pursuant to § 502(a)(2) on behalf of the Plan, 'ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class.")

### 1.    The class meets the requirements of Rule 23(b)(1)(B).

Certification under Rule 23(b)(1)(B) is appropriate where "*any* individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999) (emphasis added). One example of an action ideally suited for certification under Rule 23(b)(1) is "the adjudication of the rights of all participants in a fund in which the participants have common rights." *Id.* at 834 n.14. Rule 23(b)(1)(B) is designed for "an action which charges a breach of trust by a[ ] . . . trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23, Advisory Committee Notes to 1966 Amendment. That precisely describes the claims here.

Claims involving ERISA breaches of fiduciary duty and prohibited transactions must be brought in a representative capacity on behalf of the plan under § 502(a)(2) for § 409 relief. 29 U.S.C. §§ 1109, 1132(a)(2); *In re Schering Plough*, 589 F.3d at 594-95. Thus, courts recognize that ERISA cases are the classic examples of Rule 23(b)(1)(B) class actions. *See, e.g., Neil*, 275 F.R.D. at 267-68; *DiFelice*, 235 F.R.D. at 80.

> [G]iven the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief.... There is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether [defendant] had itself acted as a fiduciary, whether the individual defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material would create difficulties in implementing such decisions.

*In re Ikon Office Solutions,* 191 F.R.D. at 466 (citations omitted). This is particularly true for cases involving an ESOP. *See, e.g., id.* at 466-67 (certifying 23(b)(1) class).

13

Because Rule 23(b)(1)(B) was designed for actions alleging breach of fiduciary duties by trustees or establishing the rights of participants in a fund, numerous courts have found that ERISA claims determining rights or benefits under a plan or claims involving breaches of fiduciary duty are suitable for certification under this Rule. "[T]he structure of ERISA favors the principles [of] Rule 23(b)(1)(B), since the statute creates a 'shared' set of rights among the plan participants by imposing duties on the fiduciaries relative to the plan" and it "structures relief in terms of the plan and its accounts, rather than directly for the individual participants." *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 2017 WL 5664850, at *17 (S.D.N.Y. Nov. 27, 2017) (quoting *Kindle*, 315 F.R.D. at 12); *see also Guidry*, 333 F.R.D. at 331 (D. Del. 2019) (certifying class under 23(b)(1)(B)); *Pfeifer*, 2018 WL 2057466, at *4 (certifying ERISA fiduciary duty claims under Rule 23(b)(1)); *Sessions v. Owens-Illinois, Inc.*, 267 F.R.D. 171, 179 (M.D. Pa. 2010) (certifying ERISA benefits claims under Rule 23(b)(1)(B)); *Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 397 (E.D. Pa. 2001) (certifying ERISA fiduciary claims under Rule 23(b)(1)(B)); *Ikon*, 191 F.R.D. at 466 (certifying claims for fiduciary duty under Rule 23(b)(1)).

This type of private company ESOP case is often certified under Rule 23(b)(1)(B). *See, e.g.*, *Nistra*, 2018 WL 835341, at *3; *Neil*, 275 F.R.D. at 267-68. Such certification is appropriate here where the central issue is whether Wilmington caused the Plan to acquire BSC stock at more than fair market value and whether the selling shareholder knew or should have known. The key issues in the case thus focus on Defendants' conduct—principally, whether and how Wilmington caused the complained of prohibited transactions and fiduciary breaches, the adequacy of its investigation into the value of BSC stock, the information used in its valuations, the conclusions drawn from that information, and the act of transacting certain business with the sellers. Thus, a judgment that Defendants breached ERISA would apply to the Plan as a whole and impact all Class

14

members equally. Further, any money recovered will be paid to the Plan, meaning that resolution of these issues will affect *all* participants in the Plan.

### 2.    The class meets the requirements of Rule 23(b)(1)(A).

Rule 23(b)(1)(A) provides that a class may be certified if prosecuting separate actions would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for the party opposing the class. Rule 23(b)(1)(A) "takes in cases where the party is obliged by law to treat the members of the class alike . . . , or where the party must treat all alike as a matter of practical necessity." *Amchem*, 521 U.S. at 614 (quotation omitted). "ERISA requires plan administrators to treat all similarly situated participants in a consistent manner." *Alday v. Raytheon Co.*, 619 F. Supp. 2d 726, 736 (D. Ariz. 2008) (citations omitted). For this reason, courts have certified cases involving violations of ERISA under Rule 23(b)(1)(A). *See Moon v. E.I. du Pont de Nemours & Co.,* 2023 WL 1765565, at *2 (D. Del. Feb. 3, 2023); *Neil*, 275 F.R.D. at 267-68; *Knight v. Lavine*, 2013 WL 427880, at *4 (E.D. Va. Feb. 4, 2013); *Chesemore*, 276 F.R.D. at 517; *Buus v. WAMU Pension Plan,* 251 F.R.D. 578, 588 (W.D. Wash. 2008); *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 180 (S.D.N.Y. 2006); *Baker v. Comprehensive Emp. Sols.*, 227 F.R.D. 354, 360 (D. Utah 2005); *In re Williams Cos. ERISA Litig.*, 231 F.R.D. 416, 425 (N.D. Okla. 2005). The Third Circuit has recognized that "breach of fiduciary duty claims brought under 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *In re Schering Plough*, 589 F.3d at 604.

The risk of inconsistent adjudications is similarly apparent in this case. For example, the central issue in this case is whether the Plan acquired BSC stock at an appropriate valuation and pursuant to a good faith investigation. Separate lawsuits over these issues could result in different outcomes. Inconsistent adjudications on the true fair market value of BSC stock at the time of the Plan's stock purchases obtained by similarly-situated participants would make it impossible for

the Plan administrator to treat similarly-situated participants alike. Accordingly, certification under Rule 23(b)(1)(A) is also appropriate.

### D.    Plaintiff Is Represented By Qualified And Competent Counsel.

"Although questions concerning the adequacy of class counsel were traditionally analyzed under the aegis of the adequate representation requirement of Rule 23(a)(4) . . . those questions have, since 2003, been governed by Rule 23(g)." *Sheinberg v. Sorenson*, 606 F.3d 130, 132 (3d Cir. 2010). Rule 23(g) lays out factors such as (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g). Plaintiff's counsel in this case are well-qualified.

Gregory Porter is a partner with Bailey & Glasser LLP. He has specialized in employee benefits and ERISA litigation since 1998. Porter Decl. ¶¶ 8-12. He has served as class counsel or co- counsel in numerous ERISA class actions, including ESOP class actions that proceeded to and through trial such or resulted in settlements for the retirement plan. *See Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($29.7 million trial judgment); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) (reversing trial court ruling on motion to dismiss in an ESOP class action; lawsuit settled for $2.3 million); *Jessop v. Larsen*, No. 14-cv-00916 (D. Utah) ($19.8 million settlement secured for ESOP plan participants in 2017); *Swain v. Wilmington Trust, N.A.*, No. 17-071-RGAMPT (D. Del.) ($5 million settlement); *Casey v. Reliance Trust Co.*, 18-cv-00424-ALM-CMC (E.D. Tex.) ($6.25 million settlement for ESOP plan participants); *Choate v. Wilmington Trust, N.A.*, 17-cv-250-RGA (D. Del.) ($19.5 million settlement); *Blackwell v. Bankers Trust Co.. South Dakota*, No. 18-cv-141-KHJ-FKB (S.D. Miss.) ($5 million settlement; *Fink v. Wilmington Trust, N.A.*, No. 19-cv-1193-CFC (D. Del.) ($5.5 million settlement); *Godfrey v.*

16

*GreatBanc Trust Co.*, 18-cv-7918 (N.D. Ill.) ($16.5 million settlement); *Threadford v. Horizon Trust and Investment Management, N.A.*, No. 20-cv-750 ($4.1 million settlement); and *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.) ($13.36 million settlement). Porter Decl. ¶ 9. He also has significant experience in cases involving ERISA fiduciary duties. *Id*. ¶¶ 11-12. Other attorneys involved in this action at Bailey & Glasser's team have also served as class counsel or co- counsel in numerous ERISA class actions, including ESOP class actions. *Id*. ¶¶ 13-14 and Exhibit 1 to Porter Decl.

Daniel Feinberg is a partner with Feinberg, Jackson, Worthman & Wasow LLP. He has specialized in employee benefits litigation since 1988. Declaration of Daniel Feinberg ("Feinberg Decl.") ¶ 7. He has served as class counsel or co-counsel in numerous ERISA class actions, including ESOP class actions such as *Neil v. Zell*, 275 F.R.D.256 (N.D. Ill. 2011) ($32 million settlement); *Smith v. GreatBanc Trust Co.*, 1:20-cv-02350 (N.D. Ill. 2023) ($14.8 million settlement); *Gamino v. KPC Healthcare Holdings, Inc*., No. 5:20-CV-01126-SB-SHK, (C.D. Cal. 2023) ($9 million settlement); *Cunningham v. Wawa, Inc*., 387 F. Supp. 3d 529 (E.D. Pa. 2019) ($21.6 million settlement); *Guidry v. Wilmington Trust, N.A.*, 333 F.R.D. 324 (D. Del. 2019) ($19.5 million settlement); *Kindle v. Dejana*, 238 F. Supp. 3d 353 (E.D.N.Y. 2017) ($2.5 million settlement following one day of trail); *Pfeifer v. Wawa, Inc*., 214 F. Supp. 3d 366 (E.D. Pa. 2016) ($25 million settlement); *Fernandez v. K-M Indus. Holding Co., Inc.*, 646 F. Supp. 2d 1150 (N.D. Cal. 2009) ($55 million settlement). Feinberg Decl. ¶¶ 4-5. Not only do these attorneys and firms have extensive experience litigating class actions, including numerous ESOP cases, they have worked diligently to litigate the claims. Porter Decl. ¶ 7; Feinberg Decl. ¶ 3. There should be no question that counsel have brought sufficient skill and resources to litigate this case. Thus, Plaintiff's counsel satisfy Rule 23(a)(4) and 23(g).

## IV.    CONCLUSION

For the foregoing reasons, these ERISA claims are well-suited to class certification and Plaintiff's motion for class certification under Fed. R. Civ. P. 23(a) and (b)(1) should be granted. Further, Plaintiff's counsel should be appointed Class Counsel and Plaintiff Marlow Henry should be appointed as Class Representative.

Dated: December 23, 2024

Of Counsel:
Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick O. Muench (*pro hac vice*)
Bailey & Glasser, LLP
1055 Thomas Jefferson St., NW, Ste. 540
Washington, DC 20007
Telephone: (202) 463-2101
gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

Daniel Feinberg (*pro hac vice*)
Todd Jackson (*pro hac vice*)
Mary Bortscheller (*pro hac vice*)
Feinberg, Jackson, Worthman & Wasow LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998
dan@feinbergjackson.com
todd@feinbergjackson.com
mary@feinbergjackson.com

*/s/ David A. Felice*
David A. Felice (#4090)
Bailey & Glasser, LLP
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, DE 19808
Telephone: (302) 504-6333
dfelice@baileyglasser.com

*Attorneys for Plaintiff*

18